## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GEORGE L. BARNES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-00652-JPG** |
| | ) | |
| **MARION COUNTY CORRECTIONAL** | ) | |
| **CENTER, JERRY A. DEVORE, MARION** | ) | |
| **COUNTY JAIL ADMINISTRATOR,** | ) | |
| **MARION COUNTY CORRECTIONAL** | ) | |
| **CENTER ACTING PHYSICIAN,** | ) | |
| **SERGEANT DALE EDDINGS, and** | ) | |
| **UNKNOWN OFFICERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff George L. Barnes, is currently in the custody of the Illinois Department of

Corrections and housed at Graham Correctional Center.  He brings this action for deprivations of

his constitutional rights pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee in the

Marion County Law Enforcement Center.  Plaintiff filed suit in the Circuit Court for the Fourth

Judicial Circuit, Marion County, Illinois, and defendants removed the case to this federal court

(Doc. 1).  After several fits and starts, Plaintiff's amended complaint (Doc. 16) is now before the

Court.

Because Plaintiff is a prisoner, under 28 U.S.C. § 1915A, the Court is required to conduct

a prompt threshold review of the complaint.  Section § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the amended complaint, on April 27, 2013, upon arrival at the Marion County Correctional Center, Plaintiff informed Sergeant Dale Eddings that he suffered from

preexisting neck and back injuries.  Nevertheless, Plaintiff was placed in a holding cell with no bunk, forcing him to sleep on the floor.  After the first four or five hours, Plaintiff told Sergeant Eddings that he was experiencing "great pain," but Eddings did nothing.  Plaintiff remained in that cell until April 30, 2013, despite his complaints of "great pain."

On May 1, 2013, Plaintiff was seen by the Center's acting physician. Plaintiff was given pain medication and a muscle relaxer.  On May 9, 2013, x-rays were taken.  Between May 26 and June 6, Plaintiff made multiple requests in an attempt to learn the results of the x-rays from the Center's acting physician.  The inquiries were actually directed to Sheriff Jerry A. DeVore, Sergeant Eddings and other unknown officers; whether the physician had any knowledge of Plaintiff's requests is unknown.  Plaintiff remained in pain for a month, despite repeated requests to seen by an outside specialist.  As of June 6, 2013, Plaintiff remained in pain and had not received treatment.

According to the amended complaint, being in pain for a prolonged period caused Plaintiff's blood pressure to spike to 170/108.  Plaintiff had to be taken to the hospital, where follow-up treatment within 48 hours was directed.  Plaintiff informed an unknown officer and Sheriff DeVore that he needed follow-up care, but nothing was done.  Plaintiff had to be taken to the hospital again on July 10, 2013, due to hypertension.  Plaintiff contends that his inadequate care and hypertension were due, at least in part, to the lack of an "active" (presumably permanent) physician on staff at the Center.  Plaintiff also characterizes the defendants as all acting with deliberate indifference.

Plaintiff now seeks monetary damages and injunctive relief in the form of proper treatment from a specialist.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Between April 27 and April 30, 2013, Sergeant Eddings housed Plaintiff in a cell with no bunk, knowing that Plaintiff had preexisting back and neck ailments, and denied his requests for medical care, all in violation of the Fourteenth Amendment;**

**Count 2:** **Sergeant Eddings, Sheriff DeVore, Unknown Officers and the Acting Physician ignored Plaintiff's complaints of continued pain, despite Plaintiff's multiple requests to learn the results of his x-rays and to see a specialist, all in violation of the Fourteenth Amendment;**

**Count 3:** **Sheriff DeVore, Unknown Officers and the Acting Physician all ignored the directive that Plaintiff receive follow-up care, in violation of the Fourteenth Amendment; and**

**Count 4:** **The Marion County Correctional Center and Sheriff DeVore (in his official capacity) denied Plaintiff adequate medical care by not having a permanent physician at the Center, in violation of the Fourteenth Amendment.**

## Discussion

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment.  *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005).  Similarly, pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, just as convicted prisoners have under the Eighth Amendment. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013); *Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008); *Williams v. Rodriguez,* 509 F.3d 392, 401 (7th Cir. 2007).  The applicable "deliberate indifference" standard requires a plaintiff to show that (1) the harm suffered was objectively serious, and (2) the defendant official acted with deliberate

indifference to the plaintiff's health or safety. *Id.* Negligence, even gross negligence, is insufficient (*Guzman v. Sheahan,* 495 F.3d 852, 857 (7th Cir. 2007)), as is medical malpractice (*Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007)).

Given the liberal notice pleading standard in Federal Rule of Civil Procedure 8, the amended complaint sufficiently states colorable constitutional claims regarding the conditions of Plaintiff's cell, his being forced to sleep on the floor, and his medical care. But that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). The amended complaint adequately pleads personal involvement on the part of Sheriff DeVore, the unidentified Acting Physician, Sergeant Eddings and Unknown Officers.

Aside from the unidentified Marion County Jail Administrator being listed in the caption of the complaint, the Administrator is not mentioned in the narrative portion of the complaint—not in an individual or official capacity. Thus, the Administrator has not been associated with any of the four enumerated counts in the amended complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, the Marion County Jail Administrator will be dismissed without prejudice.

Relative to the Marion County Correctional Center and Sheriff DeVore in his official capacity, a unit of local government, like a Sheriff's Department or County Correctional Center, may be liable for its official policies and customs. *See Monell v. Department of Soc. Servs.,* 436

U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th

Cir. 2007).  Plaintiff suggests a causal connection between his inadequate medical care and a

policy or custom of the County Correctional Center and/or Sheriff, i.e., not having a permanent

physician at the Center.  Therefore the claims against Sheriff DeVore and the Marion County

Correctional Center in Count 4 shall proceed.

## Remedies

In addition to seeking monetary damages, Plaintiff prays for injunctive relief in the form

of proper treatment from a specialist.  Because Plaintiff is now in the custody of the Illinois

Department of Corrections, housed at Graham Correctional Center, the requested injunctive

relief is now moot.  Therefore, Plaintiff's prayer for injunctive relief will be dismissed.

## Motion for Counsel

Before the Court is Plaintiff's motion for appointment of counsel (Doc. 6).  Plaintiff

asserts that he is indigent, and that he is uneducated in the law, having to rely upon a "jailhouse

lawyer."

There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v.

Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006

(7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to

*recruit* counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–

67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first

consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his

own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647,

654 (7th Cir. 2007) (*en banc*)).  If so, the Court must examine "whether the difficulty of the

case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication kills, education level, and litigation experience." *Id*.

Plaintiff does not indicate whether he has made *any* effort to secure representation by counsel. There is also no affidavit or prison trust fund account indicating that Plaintiff is indigent. Furthermore, based on the amended complaint, Plaintiff (with assistance), has sufficiently pleaded colorable claims.  Plaintiff does not offer any other information regarding his education (other than that he has no legal training) or any other relevant factors indicating that he is unable to proceed *pro se* through the pretrial phase of litigation and trial.  Therefore, Plaintiff's motion (Doc. 6) will be denied without prejudice.  The Court will remain open to a motion for recruitment of counsel as this case proceeds.

## Disposition

IT IS THEREFORE ORDERED that Plaintiff's motion for counsel (Doc. 6) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant MARION COUNTY JAIL ADMINISTRATOR is DISMISSED without prejudice from this action.

IT IS FURTHER ORDERED that Plaintiff's prayer for injunctive relief is DISMISSED with prejudice, as it is moot.

**IT IS FURTHER ORDERED** that **COUNTS 1-4** shall **PROCEED** against Defendants **MARION COUNTY CORRECTIONAL CENTER**, **JERRY A. DEVORE**, **MARION COUNTY CORRECTIONAL CENTER ACTING PHYSICIAN**, **SERGEANT DALE EDDINGS**, and **UNKNOWN OFFICERS**.

All Defendants, *except* the **UNKNOWN OFFICERS**, were served with the original complaint.  They removed this action to this district court, and have been receiving service of documents through the cm-ecf system; therefore, those Defendants should have received a copy of the amended complaint, constituting proper service of process.  Plaintiff is **ADVISED** that Service has <u>not</u> been made upon **UNKNOWN OFFICERS**. Once Plaintiff has identified those individuals, he should move for leave to file an amended complaint and submit a proposed amended complaint stating all claims against all Defendants.  *See* Local Rule 15.1.  It would then be Plaintiff's responsibility to effect service of process on the newly identified Defendant(s), or to file a motion for service of process at Government expense (which would likely also require a motion for leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.

Defendants **MARION COUNTY CORRECTIONAL CENTER**, **JERRY A. DEVORE**, **MARION COUNTY CORRECTIONAL CENTER ACTING PHYSICIAN**, and **SERGEANT DALE EDDINGS** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 18, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**